UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>SALOMON BENDAYAN,<br><br>Defendant. | Criminal No.: 15-CR-20840-MGC-2 |

**GOVERNMENT'S OPPOSITION TO DEFENDANT BENDAYAN'S
MOTION TO DISMISS THE SUPERSEDING INDICTMENT**

The United States of America, by and through its undersigned attorneys, hereby opposes Defendant Salomon Bendayan's Motion to Dismiss (15-CR-20234-MGC, Document No. 35).[1] Defendant's motion should be DENIED because (a) the Superseding Indictment was properly charged in the District of Massachusetts, (b) Defendant Bendayan waived his right to challenge venue, and (c) Defendant Bendayan does not face double jeopardy.

**FACTS**

On April 1, 2015, Salomon Bendayan, Martin Lustgarten Acherman, and two others were indicted under seal in the District of Massachusetts (15-cr-10046-LTS) for conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(h) (the "Boston Indictment," Count 1). In addition, Defendant Lustgarten was charged with conspiracy to obstruct an official proceeding, in violation of 18 U.S.C. § 1512(k) (Count 2), and obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2) (Count 3).

---

[1] Defendant has filed two separate Motions to Dismiss in this case: one on November 2 and one today. The Motion to Dismiss filed today by the Defendant will be opposed by the Government in a separate document. The current Opposition pertains only to the November 2 filing, entitled "Dismissal of the District of Massachusetts Superceding (sic) Indictment Now 15-CR-20840-MGC," and which appears to have been mistakenly docketed on 15-CR-20234-MGC. The undersigned counsel in this Opposition do not appear and do not intend to appear in 15-CR-20234-MGC.

On April 7, 2015, Defendant Bendayan was indicted under seal in criminal case number 15-cr-20234-MGC in the Southern District of Florida (the "Miami Indictment"). This single-count indictment charges Defendant Bendayan with conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(h).

On April 8, 2015, both indictments against Defendant Bendayan were unsealed and he was arrested at his home in Brooklyn, New York, by DEA agents on a warrant issued by the Southern District of Florida. Defendant Bendayan appeared that day before Magistrate Judge Lois Bloom in the Eastern District of New York (15-cr-00323-LB).

On April 17, 2015, Defendant Bendayan made an initial appearance on the Miami Indictment in the Southern District of Florida before Magistrate Judge Edwin Torres (15-cr-20234-MGC). He was arraigned in 15-cr-20234-MGC on April 30, 2015, before Magistrate Judge Barry L. Garber.

On July 14, 2015, Defendant Bendayan made an initial appearance on the Boston Indictment and was arraigned before Magistrate Judge Judith Dein in the District of Massachusetts.

## PROCEDURAL HISTORY

On August 11, 2015, in the District of Massachusetts regarding the Boston Indictment, Defendant Bendayan filed a First Motion to Dismiss the Boston Indictment alleging improper venue, or, in the alternative, for transfer to the Southern District of Florida (D. Mass. Document No. 120). The Government filed its opposition on August 24, 2015, (D. Mass. Document No. 123), and Defendant Bendayan filed a Reply on September 25, 2015 (D. Mass. Document No. 156).

The matter, alongside a Motion to Dismiss by Defendant Lustgarten (D. Mass. Document No. 124), was argued before U.S. District Court Judge Leo T. Sorokin in Boston on October 1, 2015.

The Court in the District of Massachusetts issued an Order on October 16, 2015, transferring Count 1 to the Southern District of Florida as to Defendants Bendayan and Lustgarten (D. Mass. Document No. 174). Even though transfer was ordered, Judge Sorokin specifically found that the Boston Indictment "alleges sufficient facts" to meet the burden for proper venue in the District of Massachusetts. (*Id.*, pgs. 7-8) Judge Sorokin observed there also to be venue in the Southern District of Florida (*Id.*, pg. 9). He further found that, "a motion to transfer constitutes waiver of any venue objections to the Southern District of Florida." (*Id.*, pg. 9).

On November 2, 2015, Defendant Lustgarten moved in the District of Massachusetts to transfer Counts 2 and 3 from the Boston Indictment to the Southern District of Florida. (D. Mass. Document No. 202). The Government did not oppose the transfer of Counts Two and Three, and at the Initial Pretrial Conference held on November 9, 2015, in Boston, Judge Sorokin ordered the counts transferred. (D. Mass. Document No. 207).

## **ARGUMENT**

From the language of Defendant Bendayan's filing, it is unclear to the Government on exactly what basis Defendant Bendayan is seeking dismissal of the Boston Indictment. For the sake of judicial efficacy at the scheduled hearing regarding this motion on November 20, 2015, the Government has singled out two general references to possible grounds for dismissal and addresses them below. The Government respectfully requests that if new grounds are articulated

orally on November 20, 2015, that the Government be ample time to properly brief written responses.

### A. A Double Jeopardy Challenge Is Premature at This Time

Later in his filing, Defendant Bendayan avers that he "presently remains in the same position of potentially being subjected to double jeopardy by being tried twice for virtually the same drug based money laundering conspiracies." (*Id.*)

The Double Jeopardy Clause of the Fifth Amendment provides that no person "shall . . . be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Fifth Amendment protects against (1) a second prosecution for the same offense after acquittal; (2) against a second prosecution for the same offense after conviction; and (3) against multiple punishments for the same offense. *Illinois v. Vitale*, 447 U.S. 410, 415 (1980), quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). It is long established that jeopardy does not attach until a jury is empaneled and sworn. *Crist v. Bretz*, 437 U.S. 28, 35 (1978).

Accordingly, although Defendant Bendayan is scheduled to be tried twice on two separate indictments regarding two money laundering conspiracies, he does not encounter Double Jeopardy at this time according to the Supreme Court test cited in *Illinois v. Vitale*. The two indictments against him have not been consolidated and no jury has been seated in either case.

Even if the Court at some future point chooses to consolidate the two cases against Defendant Bendayan together, proper jury instructions and appropriate sentencing by the Court would cure any violation of Double Jeopardy rights. Where there has been no prior conviction or acquittal, the Double Jeopardy Clause does not protect against simultaneous prosecutions for the same offense, so long as no more than one punishment is eventually imposed. *See United*

*States v. Josephberg*, 459 F.3d 350, 355 (2d Cir. 2006); *see also Ball v. United States*, 470 U.S. 856, 860 n.8 (2006) ("the Double Jeopardy Clause imposes no prohibition to simultaneous prosecutions"); *United States v. Bobb*, 577 F.3d 1366, 1372-75 (11th Cir. 2009); *Dermota v. United States*, 895 F.2d 1324, 1326 (11th Cir. 1990). So if Defendant Bendayan is tried on two counts of conspiracy to launder money, and a jury convicts on only one of the conspiracy counts, then "there has been no violation of the defendant's right to be free from double jeopardy, for he will suffer no more than one punishment." *Josephberg*, 459 F.3d at 355. If the jury convicts on both conspiracy counts, then he shall be protected by having the court enter judgment on only one of the conspiracy counts. *Ball*, 470 U.S. at 865 ("Should the jury return guilty verdicts for each count, . . . the district judge should enter judgment on only one of the statutory offenses"); *Bobb*, 577 F.3d at 1372.

Given these principles, a Double Jeopardy argument by Defendant Bendayan is, at best, premature.

### B. Defendant Has Waived Any Challenge With Respect to Venue

Defendant Bendayan's filing quotes the entirety of the venue provision of 18 U.S.C. § 1956, and claims a "conspicuous absence of even alleged fact (sic) establishing proper venue." (SDFL Document No. 35, pg 5) The "Conclusion" section then goes on to allege that the Boston Indictment is "lacking any factually-based allegations to demonstrate that the drug money laundering conspiracy to which he is charged was committed within that District [of Massachusetts.]" The Government has interpreted this as a challenge to venue. However, this issue is moot.

As previously stated above, a challenge to the propriety of venue was already made in the District of Massachusetts. Following a hearing on this matter, the Honorable Leo T. Sorokin

held that venue for Count 1 of the Superseding Indictment *was* proper in Massachusetts because the Government alleged "sufficient facts to meet this burden." (D. Mass. Document No. 174). However, upon Defendant Bendayan and Defendant Lustgarten's motion for transfer, Judge Sorokin opted to transfer Count One of the Superseding Indictment to the Southern District of Florida under Rule 21(b) of the Federal Rules of Criminal Procedure not because venue was improper in Massachusetts, but rather because the Court found that a trial in Miami would be more convenient for the defendants and better serve the interests of justice. *Id.* at *5.

Furthermore, as stated by the Court in the District of Massachusetts, since Defendant Bendayan previously moved for a transfer for trial under Rule 21(b), he has waived his right to object to venue in Massachusetts or in the Southern District of Florida. *See United States v. Aronoff*, 463 F. Supp. 454, 457 n. 2 (S.D.N.Y 1978). As the Advisory Committee Notes for Rule 21(b) provide, "[t]he rule provides for a change of venue only on defendant's motion and does not extend the same right to the prosecution, since the defendant has a constitutional right to a trial in the district where the offense was committed. . . . By making a motion for a change of venue, however, the defendant waives this constitutional right." Fed. R. Crim. P. 21(b) advisory committee's note 3; *see also Jones v. Gasch*, 404 F.2d 1231, 1235 (D.C. Cir. 1967) ("The constitutional rationale for [Rule 21(b)] was the accused's waiver, by his motion for the transfer, of his right to trial where the offense allegedly occurred"); *United States v. Marcello*, 423 F.2d 993, 1005 (5th Cir. 1970); *United States v. Anguilo*, 497 F.2d 440, 441-42 (1st Cir. 1974) (opining that a defendant's written motion for a change of venue was a waiver of his constitutional right to a trial in the original district); *In re Application to Take Testimony in Criminal Case Outside Dist.*, 102 F.R.D. 521, 523 (E.D.N.Y. 1984) (same); *United States v. Williams*, 437 F. Supp. 1047, 1051 (W.D.N.Y. 1977) (same); *United States v. Holder*, 399 F.

Supp. 220, 228 (D.S.D. 1975) (same); *United States v. Bryson*, 16 F.R.D. 431, 435 (N.D. Cal. 1954) (noting that a defendant has waived "any question of proper venue" when he has requested to transfer under Rule 21(b), (citing *Holdsworth v. United States*, 179 F.2d 933, 937 (1st Cir. 1950))).

## **CONCLUSION**

For the foregoing reasons, the United States respectfully submits that Defendant Bendayan's Motion be DENIED.

                                            Respectfully Submitted,

                                            CARMEN M. ORTIZ
                                            United States Attorney

                                            By:  /s/ Linda M. Ricci
                                            KATHERINE FERGUSON
                                            LINDA M. RICCI
                                            Assistant U.S. Attorneys
                                            One Courthouse Way, Ste. 9200
                                            Boston, MA 02210
                                            Tel: (617) 748-3100

        And                           M. KENDALL DAY
                                            Chief, Asset Forfeiture and
                                             Money Laundering Section

                                        By:   /s/ Joseph Palazzo
                                            JOSEPH PALAZZO
                                            Trial Attorney
                                            U.S. Department of Justice, Criminal Division
                                            1400 New York Avenue NW
                                            Washington, DC 20005
                                            Tel: (202) 445-7910

Dated: November 16, 2015

## **CERTIFICATE OF SERVICE**

I, Joseph Palazzo, do hereby certify that this document, filed through ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

    /s/ Joseph Palazzo
JOSEPH PALAZZO (A5502141)
Trial Attorney
Criminal Division
United States Department of Justice
1400 New York Avenue NW, Suite 10100
Washington, DC 20530
Telephone: (202) 445-7910
Email: joseph.palazzo@usdoj.gov

Dated: November 16, 2015