**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 15-20840-MGC |
| v. ) | |
| ) | |
| MARTIN LUSTGARTEN-ACHERMAN ) | |
| and SALOMON BENDAYAN, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**GOVERNMENT'S MOTION TO CONTINUE TRIAL DATE,
APPLICATION FOR JUDICIAL FINDING REGARDING FOREIGN EVIDENCE,
AND MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The United States, by its undersigned attorneys, hereby files this Motion to Continue the Trial Date in the above-captioned matter. As described below, based on the complex nature of the case, the need for receipt and preparation and translation of evidence requested from foreign sovereigns through Mutual Legal Assistance Treaty (MLAT) requests, the fact that certain witnesses are located abroad or are in Bureau of Prisons custody, the logistical issues presented by the office location of government counsel, and the upcoming holidays, the United States requests that a trial date be set in the above-captioned matter no earlier than February 2016.

The United States additionally makes an application to the Court for a judicial finding by a preponderance of the evidence that an official request has been made for foreign evidence, which is relevant to the charged offense, and requests the exclusion of time pursuant to the Speedy Trial Act. A Proposed Order is attached as Exhibit 1.

## INTRODUCTION

Defendants Martin Lustgarten-Acherman and Salomon Bendayan together are charged in Count One of a three-count Superseding Indictment with conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(h). Defendant Lustgarten also is charged in Counts Two and Three, respectively, with conspiracy to obstruct an official proceeding, in violation of 18 U.S.C. § 1512(k); and obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2). The Superseding Indictment is the result of a multi-year, multi-agency, multi-jurisdiction investigation into the international money-laundering activities of the defendants that spanned from the United States and Hong Kong to Colombia and Argentina. The Superseding Indictment alleges that the defendants and others participated in a scheme to earn substantial sums of money on the black market in Venezuela by obtaining U.S. dollars from illegal sources, including the proceeds of drug trafficking, at a lower exchange rate than is publicly available.

A grand jury sitting in the District of Massachusetts issued the Superseding Indictment in the above-captioned case on April 1, 2015. By order issued on October 29, 2015, the Honorable Leo T. Sorokin, United States District Judge, transferred Count One to the Southern District of Florida for trial pursuant to Federal Rule of Criminal Procedure 21(b). Six days later, on November 4, 2015, during a hearing that had not previously been noticed in the above-captioned case and at which trial counsel therefore was not present, this Court scheduled a jury trial to commence five weeks later, on December 14, 2015. On November 9, 2015, the Honorable Leo T. Sorokin transferred Counts Two and Three to the Southern District of Florida.

### A. This is a Complex Case That Involves Voluminous Discovery Materials

The supervising magistrate judge in Boston designated this case as a complex case, and the government expects that the trial of this matter will last several weeks. During a status

conference on June 18, 2015, United States Magistrate Judge Judith Dein found that this case appropriately is classified as a complex case based upon the Speedy Trial Act (and the Plan for Prompt Disposition of Criminal Cases for the District of Massachusetts).  See Massachusetts Dkt. No. 63.

Over the last several months, the United States has produced voluminous discovery on a rolling basis, which has involved more than two dozen separate productions of documents, reports, financial records, audio/video CD-ROMs and DVDs, linesheets, and other materials. These discovery materials include more than 80,000 pages of financial records; more than 3,000 e-mail communications from an e-mail account used by Lustgarten, many of which must be translated from Spanish to English; records relating to thirty (30) foreign bank accounts controlled by Lustgarten, including accounts in Hong Kong, Panama, Switzerland, Singapore, and Luxembourg; and hundreds of intercepted telephone calls obtained through court-authorized wiretaps with more than 4,400 pages of linesheets.  This discovery pertains to a money-laundering crime that is very complex in nature:  The Superseding Indictment charges Lustgarten and Bendayan with participating in a scheme that involved a pattern of over-invoicing for the importation of goods from abroad paired with currency exchange transactions in which funds were deposited in one currency in one geographic region of the world and released in another currency in a different geographic region.  It also alleges that the defendants attempted to conceal the source and movement of U.S. dollars by falsely representing these funds to be loan repayments and capital investments to shell companies around the world, many of which were owned by the defendant or his associates.  The complex nature of the crime requires the amassing of a tremendous volume of records obtained from multiple countries to demonstrate the criminal nature of the transactions.

> **B.      A Continuance is Necessary Based on the Pendency of Critical Foreign Evidence**
>
> **1.   The Government Has Made Official Requests for Foreign Evidence**

The underlying investigation involves a large volume of foreign evidence.  Requests for evidence from foreign governments must be made under the relevant Mutual Legal Assistance Treaty, and may only be transferred through the proper diplomatic channels by the Department of Justice, Office of International Affairs (OIA), in Washington, D.C.  In this case, the government has requested the production of this foreign evidence from several foreign sovereigns but continues to await production of many of these materials, which are critical to the government's case.

The government reports to the Court that it has transmitted requests for the production of foreign evidence from the governments of Hong Kong, Luxembourg, Singapore, and Switzerland, among others.  The Office of International Affairs (OIA) has transferred MLAT requests for the production of foreign evidence to Singapore, Hong Kong, Luxembourg, and Switzerland, among others.  Copies of these written MLAT requests, which must be transmitted via diplomatic channels, are attached as <u>Exhibits 2-5</u> to this Motion.

The United States continues to await receipt of the materials that are the subject of these four MLAT requests.  The government's requests for evidence from the governments of Hong Kong, Luxembourg, Singapore, and Switzerland primarily seek documents from financial institutions, as well as public records.  The public records are needed by the government to prove that the defendants operated and had access to a worldwide network of corporate entities that they used to disguise their identities.  The bank records are essential to demonstrating the flow of

illicit funds controlled by the defendants. Indeed, the flow of these funds in or out of the United States is an element of the international money laundering conspiracy that is charged.

Pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(8), the government hereby makes application to the Court for a judicial finding by a preponderance of the evidence that an official request has been made for this foreign evidence, which is relevant to the charged offense. In support of this application, as reflected in the attached exhibits, the government reports to the Court that it has transmitted requests for the production of foreign evidence from the governments of Hong Kong, Luxembourg, Singapore, and Switzerland, among others.

### 2. A Continuance is Necessary to Permit the Government an Opportunity to Present the Relevant Foreign Evidence to the Jury

The United States seeks a continuance until at least February 2016 to permit it the opportunity to present the requested foreign evidence to the jury. Based on the experience of OIA in seeking to obtain evidentiary materials via MLAT request, Hong Kong typically is the slowest of these foreign sovereigns to respond. On or about February 24, 2015, OIA transferred a first request to the Hong Kong authorities (the government subsequently delivered a supplemental request), asking for records relating to sixteen bank accounts and fourteen entities and individuals. These records are central to the government's case insofar as Lustgarten operated his money laundering business through a series of shell corporations registered in Hong Kong. Those shell corporations were then signatories on bank accounts in Hong Kong that were used to transfer millions of dollars in support of the scheme. Hundreds of transactions were initiated in Hong Kong. Accordingly, the government needs this foreign evidence to prepare for trial.

Typically, requests for evidence from Hong Kong take a year to fulfill. In this case, the government, together with representatives of Homeland Security Investigations in Hong Kong, has requested expedited service and special treatment of the government's request. However, the government has not yet received any documents from Hong Kong. Upon inquiry, Hong Kong prosecutors explained to the government that, because Hong Kong is a Special Administrative Region of the People's Republic of China, all requested evidence will have to be reviewed by an overseeing police authority in Beijing, in addition to the local review by officials in Hong Kong. Accordingly, the government no longer expects expedited service of its request and must prepare to receive the Hong Kong documents in February 2016, approximately one year from the date of its initial request.

The United States has appealed for informal copies of the materials subject to all of its requests to foreign sovereigns, but has only received a minimal response. The government continues to seek early production of all materials and will turn the materials over to defense counsel when and as they are received. Moreover, in order to expedite matters, Lustgarten indicated to the Court in the District of Massachusetts that he would assist the United States in obtaining necessary bank records, but, to date, no additional records have been obtained in this manner.

In short, the bulk of the materials that are the subject of the government's MLAT requests are relevant to the conspiracy charged against Bendayan and Lustgarten (Count One), and to require the United States to commence trial in this case in the absence of these previously-requested international materials following a multi-year, multi-jurisdiction investigation involving the cooperation of law enforcement in countries around the world would not serve the interests of justice. See, e.g., United States v. Rosenau, No. CR06-157MJP, 2012 WL 1569604,

at *1-3 (W.D. Wash. May 3, 2012) (reviewing several continuances and finding excludable delay where the government "made a request pursuant to a Mutual Legal Assistance Treaty, as required in 18 U.S.C. § 3292"and finding "that the Government submitted a timely MLAT request and that the delay in the trial date was reasonably necessary to allow the [foreign] authorities to produce the relevant evidence and witnesses."); United States v. Paganuran, No. 2:06-CR-0403-KJDLRL, 2008 WL 1766635, at *5 (D. Nev. Apr. 14, 2008) (reasserting that "a continuance was warranted and that the delay was excludable because 'there is foreign evidence that must be obtained pursuant to the MLAT treaty,' and that the Government 'did not act in a dilatory fashion in seeking [the foreign] evidence through the procedures available.'"); United States v. Maksimenko, No. CRIM. 05-80187, 2005 WL 1038784, at *1 (E.D. Mich. Apr. 26, 2005) (granting government's request for five-month continuance and excluding delay under the Speedy Trial Act where an MLAT request was pending with Ukrainian authorities).

In addition, the government has transmitted two MLAT requests to the Colombian authorities for evidence from a money laundering investigation in that country that used judicial interceptions of telephonic communications. Based on its MLAT requests, the government has received three separate tranches of discovery from Colombian law enforcement and produced this evidence to defendants. Because the government received some of this evidence, which includes intercepted telephonic communications, as recently as last week, the government still must translate and review this material before it may be presented to a jury at trial. Moreover, the United States is in the process of confirming whether the Colombian authorities expect to send any additional materials in response to the government's MLAT requests.

-7-

### C. A Continuance is Necessary to Permit Sufficient Time for Government Witnesses to Appear for Trial and for a Cohesive Presentation to the Jury in Light of Holiday Scheduling Challenges

A continuance is necessary to permit the government to present its case to the jury, including the testimony of incarcerated witnesses and witnesses abroad, in and around the Christmas and New Year's Day holidays. The government expects to call several witnesses who are currently in custody to testify at trial. Moreover, certain of the government's witnesses reside in foreign countries, making it uncertain whether the United States Marshals Service will be able to produce such witnesses on a timely basis during the upcoming holiday season. Furthermore, the government expects to present the testimony of trial witnesses who hail from abroad, and it will be difficult to arrange for their travel during the holiday season.

A trial date of December 14, 2015 also will cause significant challenges with scheduling a jury in and around the holidays. The government expects that the trial in this matter will last several weeks, and the trial will likely continue through and beyond the Christmas and New Year's Eve holidays. If the trial begins on December 14, 2015, the jury necessarily will hear evidence on both Christmas week and New Year's week, which will result in a disconnected presentation of the government's evidence. Moreover, the logistical challenges presented by the trial date – particularly in the context of the holiday season and the work location of government counsel (Boston and Washington, D.C.) – will present logistical hurdles that will unfairly prejudice the government's case. Although the government exercising diligence in its logistical planning, it will need certain additional time to transport its case files and evidence from Boston to Miami, which will prove especially difficult during the holiday season.

### D. The United States Moves for the Exclusion of Time Pursuant to the Speedy Trial Act

Based on Orders issued by the Court in the District of Massachusetts on May 7, 2015, June 18, 2015, July 30, 2015, September 15, 2015, October 16, 2015, October 26, 2015, October 29, 2015, and November 9, 2015, there have been zero (0) non-excludable days to and including November 9, 2015 pursuant to the Speedy Trial Act. The United States moves that the period from November 9, 2015 to and including any continued trial date be excluded, because such period constitutes "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," and for the receipt of MLAT materials requested from sovereign sovereigns, and that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendants in a speedy trial pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(iv) & (h)(8). See United States v. Miles, 290 F.3d 1341, 1350 (11th Cir. 2002) (identifying permissible periods of excludable delay under the Speedy Trial Act).

#### 1. The Speedy Trial Act Specifically Excludes a Delay of Up to One Year Relating to the Pendency of MLAT Requests

In addition to moving to continue the trial date to permit the United States the opportunity to present the foreign evidence that is the subject of its pending MLAT requests to the jury, the government moves that the Court exclude the time under the Speedy Trial Act. In particular, the Speedy Trial Act recognizes that it is appropriate to exclude time for up to one year to allow for the receipt of materials pursuant to MLAT requests to foreign authorities:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . . .

-9-

> (8) Any period of delay, <u>not to exceed one year</u>, ordered by a district court upon an application of a party and a finding by a preponderance of the evidence that an official request . . . has been made for evidence of any such offense and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign county.

18 U.S.C. § 3161(h)(8) (emphasis added). Based on the government's application set forth above, the United States requests that the Court find, by a preponderance of the evidence, that an official request has been made for evidence and that the evidence is in a foreign country.

Moreover, it is appropriate to exclude time within which the trial of the charged offenses must commence under the Speedy Trial Act where, as here, the case is so usual or complex that it is unreasonable to expect adequate preparation within the otherwise applicable time limits. <u>See</u> 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(ii) (in considering request for exclusion of time under the Speedy Trial Act, court may consider whether the case is so unusual or so complex that it is unreasonable to expect adequate preparation within the otherwise applicable time limits).

### 2. The Pendency of Certain Defense Motions and the Transfer of the Case Warrant the Exclusion of Time Pursuant to the Speedy Trial Act

The exclusion of time also is appropriate in light of the pending status of certain dispositive defense motions as well as the recent transfer of this case from the District of Massachusetts to the Southern District of Florida. In particular, under the Speedy Trial Act, any delay resulting from any pretrial motion or from the transfer of the case from another district is excludable. <u>See</u> 18 U.S.C.§ 3161(h)(1)(D) (delay resulting from defendant's pretrial motions "shall" be excluded under the Speedy Trial Act) & (h)(1)(E) (delay resulting from transfer of case "shall" be excluded under the Speedy Trial Act). Thus, based on the delay resulting from

the transfer of the above-captioned case, together with the pendency of various pending motions, including the motion to dismiss filed by Bendayan on November 16, 2015, the government moves to exclude the time from November 9, 2015 to and including the any continued trial date. See 18 U.S.C. § 3161(h)(1)(D).

## CONCLUSION

For the reasons set forth above, the United States (i) requests that a trial date be set in the above-captioned matter no earlier than February 2016, (ii) makes an application to the Court for a judicial finding by a preponderance of the evidence that an official request has been made for the production of foreign evidence, which is relevant to the charged offense, and (iii) requests the exclusion of time as set forth above pursuant to the Speedy Trial Act.  The requested continuance will permit the government adequate time in light of the complex nature of the case, the need for receipt and preparation and translation of evidence requested from foreign sovereigns through Mutual Legal Assistance Treaty (MLAT) requests, the fact that certain witnesses are located abroad or are in Bureau of Prisons custody, and the logistical issues presented by the office location of government counsel, and the upcoming holidays.

The government has conferred with defense counsel on previous occasions concerning the scheduling of a trial date and the exclusion of time pursuant to the Speedy Trial Act and understands that the defendants object to the government's motions.

                                  Respectfully submitted,

                                  WIFREDO A. FERRER
                                  United States Attorney

By:   */s/ Linda M. Ricci*
        Katherine Ferguson
        Linda M. Ricci, A5502144
        Special Assistant U.S. Attorneys
        E-Mail:  katherine.ferguson@usdoj.gov
        E-Mail:  linda.ricci@usdoj.gov
        Tel:  (617) 748-3100

        M. KENDALL DAY
        Chief, Asset Forfeiture Money Laundering Section

By:   */s/ Joseph Palazzo*
        Joseph Palazzo, A5502141
        DOJ Trial Attorney
        U.S. Department of Justice, Criminal Division
        E-Mail:  joseph.palazzo@usdoj.gov
        Tel:  (202) 445-7910

Dated:  November 19, 2015

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Linda M. Ricci*
Linda M. Ricci

Dated: November 19, 2015