UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-20840-COOKE(s)
18 U.S.C. § 1960
18 U.S.C. § 982

UNITED STATES OF AMERICA

vs.

SALOMON BENDAYAN,

      Defendant.
_____/



## SUPERSEDING INFORMATION

The United States Attorney alleges that:

1. Pursuant to Title 18, United States Code, Section 1960(b)(2), the term "money transmitting" includes transferring funds on behalf of the public by any and all means, including but not limited to, transfers within this country or to locations abroad by wire, check draft, facsimile, or courier.

2. Title 18, United States Code, Section 1960(b)(1)(B) requires money transmitting businesses which affect interstate or foreign commerce in any manner or degree to be registered with the Secretary of the Treasury pursuant to Title 31, United States Code, Section 5330.

3. At no time relevant to this Superseding Information did defendant **SALOMON BENDAYAN** register with the Secretary of the Treasury pursuant to Title 31, United States Code, Section 5330.

4. Beginning at least as early as in and around 2012 and continuing until on or about April 8, 2015, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant

**SALOMON BENDAYAN,**

did knowingly conduct, control, manage, supervise, direct, and own all or part of an unlicensed money transmitting business, as that term is defined in Title 18, United States Code, Section 1960(b), by transferring funds within this country and to locations abroad on behalf of the public by means of wire, which affected interstate and foreign commerce while failing to comply with the money transmitting business registration requirements under Section 5330 of Title 31, United States Code, and regulations prescribed under such section.

All in violation of Title 18, United States Code, Section 1960(a).

## FORFEITURE ALLEGATIONS
### (Title 18, United States Code, Section 982)

1. The allegations of this Superseding Information are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **SALOMON BENDAYAN**, has an interest.

2. Upon conviction of the offense alleged in the Superseding Information,

**SALOMON BENDAYAN,**

Defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, or any property traceable to such property.

3. If any of the forfeitable property described in paragraph 2 above, as a result of any act or omission of the defendant,

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with a third party;

(c) has been placed beyond the jurisdiction of the Court; or

(d) has been commingled with other property which cannot be subdivided without

2

difficulty,

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of the defendants up to the value of the property described in paragraph 2 above.

All pursuant to Title 18, United States Code, Section 982.

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
KATHERINE FERGUSON
LINDA M. RICCI
SPECIAL ASSISTANT UNITED STATES ATTORNEYS


M. KENDALL DAY
CHIEF, ASSET FORFEITURE MONEY LAUNDERING SECTION

_____
JOSEPH PALAZZO
DEPARTMENT OF JUSTICE TRIAL ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO. 15-20840-CR-COOKE(s)

vs.

**CERTIFICATE OF TRIAL ATTORNEY\***

SALOMON BENDAYAN,

**Defendant.**
_____/ **Superseding Case Information:**

Court Division: (Select One)　　　　　　　　New Defendant(s)　　Yes _____　No __x__
　　　　　　　　　　　　　　　　　　　　　Number of New Defendants _____
__X__ Miami　　_____ Key West　　　　　Total number of counts　　__1__
_____ FTL　　_____ WPB　_____ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.
3. Interpreter: (Yes or No)　　__Yes__
   List language and/or dialect　　__Spanish__
4. This case will take __0__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)　　　　　　　　　　　　(Check only one)

   I　　0 to 5 days　　__x__　　　　　　　Petty　　_____
   II　　6 to 10 days　　_____　　　　　　Minor　　_____
   III　　11 to 20 days　　_____　　　　　Misdem.　_____
   IV　　21 to 60 days　　_____　　　　　Felony　__X__
   V　　61 days and over　_____

6. Has this case been previously filed in this District Court? (Yes or No) __YES__　If yes:
   Judge: __Cooke__　　　　　　　　　Case No. __15-20840__
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) __No__　　　　If yes:
   Magistrate Case No.: _____
   Related Miscellaneous number: _____
   Defendant(s) in federal custody as of: _____
   Defendant(s) in state custody as of: _____
   Rule 20 from the District of: _____
   Is this a potential death penalty case? (Yes or No) __No__
7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?　_____ Yes　__X__ No
8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?　_____ Yes　__X__ No

_____
JOSEPH PALAZZO (A5502141)
Trial Attorney
Criminal Division
United States Department of Justice

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: SALOMON BENDAYAN

**Case No**: 15-20840-CR-COOKE(s)

Count #: 1

Unlicensed Money Transmitter

Title 18, United States Code, Section 1960(a)

\* **Max. Penalty**: Five (5) Years' Imprisonment

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No.   15-20840-CR-COOKE(s) |
| SALOMON BENDAYAN, ) | |
| ) | |
| *Defendant* ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____Howard Brownstein_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____United States Magistrate Judge_____
*Judge's printed name and title*